UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAYMON BELL,

    Plaintiff,

v.                                      Case No. 8:22-cv-1054-KKM-TGW

PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

Daymon Bell sues Progressive Select Insurance Company, alleging that Progressive violated its duty of good faith toward Bell as its insured. The Parties have completed discovery and Progressive now moves to strike Bell's rebuttal expert, Susan Kaufman. Because Bell should have disclosed Kaufman as a primary expert instead of as a rebuttal expert, Progressive's motion is granted.

### I. BACKGROUND

On July 16, 2015, Daymon Bell was involved in a car accident with Howard Mathews. Undisputed Facts (Doc. 34) ¶ 1. At the time of the accident, Bell had an automobile insurance policy with Progressive Select Insurance Company. *Id.* ¶ 2. Mathews retained legal counsel related to the accident, and after Mathews and Progressive were

unable to settle Mathews's claims against Bell, Mathews sued Bell on December 29, 2016. *Id.* ¶¶ 4–40. Following a jury trial, a Florida court entered judgment against Bell for $629,000.00 on May 10, 2021. *Id.* ¶¶ 40–41. Bell now sues Progressive, alleging that Progressive acted in bad faith toward Bell as its insured. *Id.* ¶ 41; Compl. (Doc. 1-1).

This action is set for trial in January 2024. *See* Am. CMSO (Doc. 23). During discovery, Progressive timely disclosed the expert report of Kevin Quinley with the view of calling Quinley during its case in chief to opine on whether Progressive's handling of Mathews's claim conformed to accepted insurance-industry standards. *See* Quinley Rpt. (Doc. 29-1). Conversely, Bell did not disclose an expert report to support his case in chief. Mot. to Strike (Doc. 29) at 3. Instead, after Progressive disclosed Quinley, Bell disclosed a rebuttal expert report by Susan Kaufman. *Id.* at 3–4; Kaufman Rpt. (Doc. 29-2). Bell contends that Kaufman is a rebuttal expert who will only refute Quinley's testimony about industry practice. Bell's Resp. (Doc. 31) at 10–11.

Progressive moves to strike Kaufman's testimony under Federal Rules of Civil Procedure 26 and 37, and Local Rule 3.01. Mot. to Strike at 1. Progressive argues that Kaufman's proffered testimony is not a true rebuttal opinion, and instead reflects Kaufman's general opinion about reasonable insurance industry practice. *Id.* at 7–16. Progressive contends that Bell should have disclosed Kaufman's testimony by the deadline for plaintiff's experts, not later as a putative rebuttal expert. *Id.* at 16. Bell responds that

2

Kaufman's opinion is directly responsive to Quinley's opinion and offers "a necessary counterbalance." Bell's Resp. at 3–11. Bell also argues that its failure to disclosure Kaufman as a case-in-chief expert is substantially justified and harmless even if Kaufman's opinion is not true rebuttal evidence. *Id.* at 11–14.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 is "designed to allow both sides in a case to prepare their cases adequately and to prevent surprise." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (quotation omitted). Under Rule 26, a "party must make [expert] disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). A district court retains broad discretion to enforce this requirement and to manage trial. "[T]he decision to permit rebuttal testimony is one that resides in the sound discretion of the trial judge," *United States v. Gold*, 743 F.2d 800, 818 (11th Cir. 1984), and "questions as to order of proof" are also "committed to the sound discretion of the trial judge," *McVey v. Phillips Petroleum Co.*, 288 F.2d 53, 54 (5th Cir. 1961) (footnote omitted).[1] Further, a district court has "broad discretion to strike untimely expert testimony." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019).

---

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

### III. ANALYSIS

Susan Kaufman's testimony is excluded at trial because her expert report was untimely. Bell argues that Kaufman's contradictions of Kevin Quinley's expert report renders Kaufman's testimony a rebuttal opinion and, as a rebuttal opinion, timely under that governing disclosure deadline. But disagreeing with a defense expert on matters related to a plaintiff's case in chief does not transform a plaintiff's expert into a rebuttal expert and thereby permit a plaintiff to evade a case management and scheduling order. Applying that principle here, Kaufman's testimony directly supports Bell's case in chief and Bell should have disclosed Kaufman's report in accord with that primary expert deadline. Bell cannot switch the order of expert disclosures during discovery or the order of presentation at trial by relabeling Kaufman's testimony as "rebuttal."

In the alternative, Bell argues that his untimely disclosure of Kaufman's report is excusable because the late disclosure is substantially justified and harmless under Rule 37(c)(1), FED. R. CIV. P. I disagree.

#### A. Kaufman's Testimony is Improper on Rebuttal

Relying on Rule 26(a)(2)(D)(ii), Bell argues that Kaufman's opinion is proper on rebuttal because it directly contradicts Quinley's opinion. Bell's Resp. at 3–11. In full, Rule 26(a)(2)(D) provides:

> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

>> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

FED. R. CIV. P. 26(a)(2)(D). Bell argues that Kaufman's testimony is offered to rebut and contradict Quinley's testimony on the same subject matter (insurance industry standards), so it qualifies as a rebuttal opinion. Bell's Resp. at 3–11. There are two problems with this reasoning.

First, accepting Rule 26(a)(2)(D)(ii) as providing the definition of rebuttal expert opinion, Bell's argument fails under the plain text of that rule. Kaufman's opinion is not being offered "solely to contradict or rebut" Quinley; it is evidence supporting Bell's case in chief. Kaufman analyzes Progressive's handling of Mathews's claim against Bell based on claim practices that are generally accepted by insurance companies. *See* Kaufman Rpt. at 3. To be sure, Kaufman contradicts Quinley's conclusions, but she also expounds on her reasoning for why Progressive failed to comport with industry standards. *See id.* at 11–19.

Importantly, disagreeing with a defense expert, alone, does not render a plaintiff's expert one sounding in rebuttal. Kaufman's report discusses matters that go directly to the heart of Bell's case in chief: whether Progressive acted according to reasonable insurance standards. *See Bos. Old Colony Ins. Co. v. Gutierrez,* 386 So. 2d 783, 785 (Fla. 1980) (holding that under the duty of good faith, an insurer "must investigate the facts, give fair

5

consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so"). Bell does not even argue that Kaufman's testimony should be offered "solely" to contradict Quinley instead of to support his case in chief. Bell's Resp. at 3–11. And assuming Bell asked for a limiting instruction to that effect, the jury would struggle to understand why and how Kaufman's opinion could only be used to contradict Quinley's opinion but not also to determine what constitutes an unreasonable settlement offer or what a "reasonably prudent person" would do.

By way of example, the dual purpose of Kaufman's opinion was clear at her deposition. Kaufman testified regarding whether Progressive's evaluation of Mathews's medical damages was consistent with common custom, and whether Progressive unreasonably handled the underlying claim by not considering surgical recommendations in Mathews's medical records. *See* Kaufman Dep. (Doc. 29-3) at 24:20–56:22. That testimony supports issues that Bell has the burden to prove in his case in chief. So again, her testimony would be offered to do more than "solely" contradict Quinley's opinion. *Cf.* FED. R. CIV. P. 26(a)(2)(D)(ii).

Overall, Kaufman's testimony speaks to issues that Bell must prove in his case in chief, which incidentally contradicts Quinley's report. That is hardly surprising. Both

6

experts opine on matters related to the core issue in a bad faith insurance case. That Bell's expert disagrees with Progressive's expert is to be expected.

Second, as a matter of first principle, a rebuttal expert opinion must address new, unforeseen evidence in the other party's case or must address matters on which the opposing party bears the burden of proof, such as an affirmative defense. *See Morgan v. Com. Union Assur. Cos.*, 606 F.2d 554, 555 (5th Cir. 1979) ("Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief."); *see also Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999) ("The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case."). A plaintiff's rebuttal expert may not simply raise evidence that goes to the plaintiff's prima facie case and logically belongs in his case in chief, which is particularly true when a plaintiff knows the defendant intends on contesting that issue. *See Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996). "Otherwise the plaintiff could reverse the order of proof, in effect requiring the defendants to put in their evidence before the plaintiff put in his." *Id.*; *see also Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991) ("Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief."); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006); *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir. 1992).

7

This understanding comports with Rule 26(a)(2)(D)(ii)'s requirement that testimony be "solely" intended to contradict. *Timber Pines Plaza, LLC v. Kinsale Ins. Co.* is also persuasive on this point. *See* 192 F. Supp. 3d 1287, 1291 (M.D. Fla. 2016). There, the plaintiff timely disclosed a primary expert and then later referenced the testimony of a previously undisclosed expert while responding to a defendant's motion. *Id.* at 1290–91. The defendant moved to strike the second expert's report because it was not timely disclosed, but the plaintiff argued that the report constituted rebuttal testimony and was disclosed before the rebuttal deadline. *Id.* The district court granted the defendant's motion to strike, explaining that the second expert did not offer a rebuttal opinion because he "directly" supported the plaintiff's "prima facie case." *Id.* at 1291. The district court explained that, "at best, [the second expert's] opinion bolster[ed] the opinions of the Plaintiff's initial expert witness" and "at worst constitute[d] an attempt to obtain a do-over" of the initial expert's report. *Id.*; *see also Cage v. City of Chicago*, No. 09-cv-3078, 2012 WL 5557410, at *2 (N.D. Ill. Nov. 14, 2012) (Kendall, J.) ("A plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief." (quotations omitted)); *Stephenson v. Wyeth LLC*, No. 04-2312-CM, 2011 WL 4900039, at *1 (D. Kan. Oct. 14, 2011) (Murguia, J.) ("Courts will disallow the use of a rebuttal expert to introduce evidence more properly a part of a party's case-in-chief.").

Under this standard, Kaufman's testimony is not a proper rebuttal opinion. Bell bears the burden to prove, by a preponderance of the evidence, each element of his claims. *See* 11th Cir. Pattern Jury Instruction 3.7.1. Thus, Bell must prove that Progressive violated its duty of good faith by failing to "investigate the facts," failing to "give fair consideration to a settlement offer that [was] not unreasonable under the facts," or failing to "settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." *Bos. Old Colony Ins. Co.,* 386 So. 2d at 785. Kaufman opines as to why Progressive failed to implement appropriate insurance industry practices, which supports Bell's case in chief. True, it might be possible for Bell to prove his case sans an insurance industry expert (although unusual, to be sure). *See, e.g., Cent. Mut. Ins. Co. v. Ace Am. Ins. Co.*, No. 2:22-CV-14058-KMM, 2022 WL 18957625, at *2 (S.D. Fla. Dec. 19, 2022) (Moore, J.) (rejecting a defendant's claim that it was entitled to summary judgement due to the plaintiff's lack of expert testimony in a bad-faith insurance claim). But Bell should have anticipated that Progressive would employ an insurance industry expert to defend against his case. This is evident from the record as early on as Progressive's answer, which disputed that Progressive handled Mathews's claim in bad faith. Answer (Doc. 10) ¶¶ 21–31. It was thus foreseeable that Progressive would call an expert to contest Bell's case by explaining that Progressive's handling of Mathews's lawsuit conformed to industry customs regarding how insurance companies handle auto-accident claims. That is

9

why "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." FED. R. CIV. P. 26 Advisory Comm. Note (1993). Allowing Bell to call Kaufman in rebuttal would reverse the order of proof at trial (and undermine the attendant sequencing of discovery). *Braun*, 84 F.3d at 237. If Bell wanted to call Kaufman, he should have disclosed Kaufman as a primary expert, not as a rebuttal expert.

### B. Kaufman's Testimony Is Inadmissible Under Rule 37(c)(1)

Rule 37(c)(1) provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Bell argues that, even if Kaufman's report was untimely because it should have been disclosed consistent with the deadline for the plaintiff's expert disclosures, the late disclosure satisfies the substantial justification and harmlessness exceptions to exclusion. Bell's Resp. at 11–14.

The "burden" is on Bell to "show[] a substantial justification" for his "tardiness." *Knight ex rel. Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017). Bell fails to do so, merely stating that he did not intend to "have a late disclosure." Bell's Resp. at 12. Even if Bell's failure to properly disclose Kaufman was unintentional, that alone fails to demonstrate that the failure was substantially justified. *Knight*, 856 F.3d at 812

10

(concluding that a district court did not abuse its discretion by excluding expert testimony not timely disclosed, despite plaintiffs' claim that "an unavailability of funds to secure expert services and a belated realization that . . . experts would be necessary" justified the tardy disclosure).

Bell's failure to disclose is not harmless either. Bell argues that his disclosure had minimal impact on Progressive's ability to prepare for trial and notes that Progressive has already had the opportunity to depose Kaufman about her rebuttal report. Bell's Resp. at 11–13. But Bell does not explain why it is not prejudicial to Progressive for its expert to prepare a report first without the benefit of knowing Kaufman's opinion. The staggered expert disclosure deadlines account for this sequencing so that a defendant can respond to a plaintiff's case-in-chief evidence. *See* FED. R. CIV. P. 26 Advisory Comm. Note (1993); *see also Nelson v. Ipalco Enters., Inc.,* No. IP02477CHK, 2005 WL 1924332, at *8 (S.D. Ind. Aug. 11, 2005) (Hamilton, J.) (concluding that plaintiffs' delayed expert disclosure could not "be deemed harmless because it gave the plaintiffs the opportunity to wait for defendants to show their expert cards," even though the defendants had "ample time" to take the expert's deposition before trial). Because Progressive cannot elicit opinions at trial from its expert that were not included in his report, *see* FED. R. CIV. P. 26(a)(2)(B), 37(c)(1), it prejudices Progressive not to know Kaufman's opinion before Quinley offers his own. And to the extent Bell argues that it is harmless for Kaufman to offer a rebuttal

11

opinion at trial, that certainly prejudices Progressive because it would permit Bell "two bites at the apple"—first in presenting his case-in-chief evidence and then later with Kaufman's opinion after Progressive concludes its defense. Mot. to Strike at 18; see *Braun*, 84 F.3d at 237.

## IV. CONCLUSION

For the above reasons, Defendant's Motion to Strike Plaintiff's Rebuttal Expert Witness Report Disclosure, (Doc. 29), is **GRANTED**. Bell is prohibited from calling Kaufman as an expert witness at trial for failing to timely disclose her expert report.

**ORDERED** in Tampa, Florida, on September 13, 2023.

Kathryn Kimball Mizelle
United States District Judge

12